UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TONY L. RAST, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-52 |
| | ) | (VARLAN/GUYTON) |
| CITY OF PIGEON FORGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on plaintiffs' Motion for Voluntary Dismissal [Doc. 23] and plaintiffs' Amended Motion for Voluntary Dismissal [Doc. 25]. Defendant filed a response to each [Docs. 24, 27]. Also pending before the Court is Defendant's Motion for Summary Judgment [Doc. 16]. Plaintiffs have not responded to the motion, and the time for doing so has passed. *See* L.R. TN. 7.1, 7.2. The Court has reviewed the record in this case, and for the reasons explained below the Court will dismiss this case with prejudice.

## I. BACKGROUND

Plaintiffs filed a complaint against defendant the City of Pigeon Forge on or about February 11, 2010 alleging their civil rights were violated with respect to the City's alleged refusal to annex a parcel of property owned by plaintiffs which is located outside the City's municipal boundaries but within the City's planning region (hereinafter, the "property"), and the City's alleged refusal to allow plaintiffs to access the City sewer system [Doc. 1]. Plaintiffs further allege that the city acted arbitrarily and capriciously by and through the

actions of its city planner, David Taylor, after they submitted a site plan for the property to the City of Pigeon Forge Regional Planning Commission [*Id.*]. The complaint sets forth eight causes of action, including: (1) deprivation of property and liberty interests without substantive due process of law regarding site plan approval; (2) deprivation of property and liberty interests without procedural due process of law regarding site plan approval; (3) unequal protection of the law regarding site plan approval; (4) vindictive prosecution regarding site plan approval; (5) deprivation of property and liberty interests without substantive due process of law regarding annexation and/or sewer connection; (6) deprivation of property and liberty interests without procedural due process of law regarding annexation and/or sewer connection; (7) unequal protection of the law regarding annexation and/or sewer connection; and (8) a taking of their property without just compensation regarding annexation and/or sewer connection [Doc. 1].

Plaintiffs later filed an amended complaint, which named two additional defendants [Doc. 2]. The substance of the allegations, however, remained unchanged. Defendant filed an answer to the amended complaint denying plaintiffs were entitled to any relief [Doc. 4]. The two additional defendants were dismissed from this action pursuant to a stipulation of dismissal [Doc. 5].

On or about August 10, 2010, defendant initiated discovery by serving upon plaintiffs its first set of interrogatories and requests for production of documents [Doc. 24]. Plaintiffs' timely responded [*Id.*]. Defendant then propounded upon plaintiffs its first set of requests for admissions, to which plaintiffs did not respond [*Id.*].

On or about November 16, 2010, defendant attempted to schedule plaintiffs' depositions [*Id.*]. Counsel for defendant sent a certified letter to plaintiffs and provided thirteen potential dates during which the depositions could be held, and, on or about the next day, defendant received a letter containing a settlement proposal [Docs. 24, 26]. Counsel for defendant sent another certified letter to plaintiffs on November 24, 2010, again requesting that plaintiffs respond dates for depositions [*Id.*]. On or about November 29, 2010, plaintiffs responded that they would not agree to schedule depositions until defendant responded to their settlement offer [*Id.*]. On or about December 9, 2010, counsel for defendant responded by informing plaintiffs that their position that they would not agree to schedule depositions until after defendant responded to their settlement proposal was totally unacceptable under the Federal Rules of Civil Procedure, Local Rules, and the Court's Scheduling Order [*Id.*]. Counsel for defendant further stated that the condition plaintiffs placed upon agreeing to present themselves for depositions is neither provided for nor countenanced by the Rules or the Scheduling Order [Doc. 24.]. Counsel for defendant once again requested that plaintiffs provide him agreeable dates to set their depositions by December 17, 2010, and indicated that he would have no choice but to file a notice of deposition and/or motion to compel discovery if they did not respond [*Id.*]. Plaintiffs did not receive defendant's letter until December 14, 2010, and on or about December 15, 2010, plaintiffs responded by providing dates for depositions [Docs. 24, 26]. The depositions were scheduled for January 26-27, but plaintiffs did not appear [Doc. 24].

On or about January 12, 2011, defendant filed a motion for summary judgment [Doc. 16]. Defendant requests that the Court dismiss this case as a matter of law, with prejudice, on all issues raised by plaintiffs [*Id.*]. On or about January 24, 2011, plaintiffs filed a motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure [Doc. 23]. Defendant filed a response opposing the plaintiffs' request arguing that defendant would suffer plain legal prejudice if the motion were granted [Doc. 24].

On or about February 23, 2011, plaintiffs filed an amended motion for voluntary dismissal [Doc. 25]. Plaintiffs amended their motion to request that the Court dismiss the action pursuant to Rule 41(a)(2) with or without prejudice [*Id.*]. Defendant filed a response indicating: (1) that it opposes plaintiffs' request that the action be dismissed without prejudice for the reasons set forth in its response to plaintiffs' original motion and (2) that it does not object to plaintiffs' request that the action be dismissed with prejudice, citing its motion for summary judgment in support [Doc. 27].

## II.   RULE 41 VOLUNTARY DISMISSAL

Rule 41(a) of the Federal Rules of Civil Procedure provides:

(a) Voluntary Dismissal.

> (1) By the Plaintiff.
>
>> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or

> a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). As there has been an answer to the complaint [Doc. 4], plaintiff's motion for voluntary dismissal must be construed under Rule 41(a)(2).[1]

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994) (citation omitted). The requirement of court approval in Rule 41(a)(2) is intended to protect the non-moving party from unfair treatment. *Grover*, 33 F.3d at 718.

In reviewing a motion made pursuant to Rule 41(a)(2), a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations

---

[1] The Court notes that no counterclaims have been asserted [*See* Doc. 4].

omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Each of these factors need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007). Rather, the factors serve as a guide for the district court. *Id.*

Dismissal with prejudice is proper "[a]t the point when the law clearly dictates a result for the defendant" and "it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover*, 33 F.3d at 719. "It generally is considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)).

Given the plaintiffs' request that the Court dismiss with or without prejudice, the Court believes consideration of the *Grover* factors is necessary. Collectively, the factors compel the Court to dismiss the case with prejudice as plaintiffs request.

**A.     The defendant's effort and expense of preparation for trial**

Defendant has expended efforts and expenses in the defense of the case and in preparation for trial. In particular, defendant has answered the complaint and engaged in

discovery, including serving its first set of interrogatories and requests for production of documents and its first set of requests for admissions. Defendant also spent time and expenses in scheduling plaintiffs' depositions, and after an agreed date was chosen, plaintiffs failed to appear as a result of their filing a motion for voluntary dismissal [*See* Docs. 24, 26]. In addition, defendant filed a substantial motion for summary judgment, containing numerous exhibits and affidavits and a seventy-six page memorandum of law [*See* Docs. 16, 17, 18, 19, 22].

> **B. Excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action**

There is evidence of a lack of diligence on the part of plaintiffs in prosecuting this action. Plaintiffs appear to have failed to undertake discovery and, even though they responded to defendant's first set of interrogatories and requests for production of documents, plaintiffs were not cooperative in scheduling their depositions, failed to appear for their depositions once scheduled, although the Court notes their failure may have been due to a misunderstanding, which they did not clarify, and failed to respond to defendant's request for admissions [*See* Docs. 24, 26]. In addition, plaintiffs appear to have "backed off" from pursing their claims since the filing of defendant's motion for summary judgment [*See id.*].

> **C. Insufficient explanation for the need to take a dismissal**

Plaintiffs did not submit a reason for the need to take a dismissal in their original motion for voluntary dismissal [Doc. 23]. In their amended motion for voluntary dismissal,

however, plaintiffs submit that the City Council approved a new wastewater plant proposal, and before filing this lawsuit, "there had been no open discussion of constructing a new sewer plan in the near future" [Doc. 26]. Plaintiffs also submit that they fear the defendant will avoid any judgment or agreement that plaintiffs may obtain in this action, which is what plaintiffs submit occurred with respect to a judgment entered against defendant in a different lawsuit in 2005 [*Id.*]. Finally, plaintiffs submit that they need to take a dismissal given three city commissioners' lack of acknowledgment of plaintiffs' settlement proposal when confronted about it [*Id.*]. Plaintiffs also inform the Court that plaintiff Tony L. Rast is running for city council [*Id.*].

D. **Whether a motion for summary judgment has been filed by the defendant**

Defendant has filed a timely motion for summary judgment [Doc. 16]. Plaintiffs have not responded to the motion, and the time for doing so has passed. *See* L.R. TN. 7.1, 7.2.

III. **CONCLUSION**

The Court finds that plaintiffs' request that the Court dismiss this action with prejudice is well-taken as it would be "unfair to subject [defendant] to continued exposure to potential liability by dismissing the case without prejudice." *Grover*, 33 F.3d at 719. Accordingly, for the reasons explained above and in light of the parties' agreement that the action may be dismissed with prejudice, the Court will **DENY** plaintiffs' Motion for Voluntary Dismissal [Doc. 23] and will **GRANT IN PART** and **DENY IN PART** plaintiffs' Amended Motion for Voluntary Dismissal [Doc. 25] such that this case will be **DISMISSED**

**WITH PREJUDICE**. Consequently, defendant's Motion for Summary Judgment [Doc. 16] will be **DENIED AS MOOT**. The Clerk of the Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE